Martin J. Kravitz
Nevada Bar No. 83
L. Renee Green, Esq.
Nevada Bar No. 12755
E-Mail: mkravitz@kssattorneys.com
CHRISTIAN, KRAVITZ, DICHTER,
JOHNSON & SLUGA, LLC
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: 702.362.6666
Facsimile: 702.992.1000
*Attorneys for Plaintiff,*
*UNITED SPECIALTY*
*INSURANCE COMPANY*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation;<br><br>Plaintiff,<br><br>vs.<br><br>HACHIMAN, LLC dba PALOMINO CLUB, LLC, a Nevada limited liability company; LACY'S, LLC dba LACY'S, a Nevada limited liability company; DEREK FESOLAI, an individual; ALEXANDER POTASI, an individual; JOHNARO LAIRD, an individual; MARINA LAIRD, an individual; DOE INDIVIDUALS I through X, inclusive and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:16-cv-02784-APG-GWF |

**PLAINTIFF UNITED SPECIALTY INSURANCE COMPANY'S RENEWED AND SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

COMES NOW UNITED SPECIALTY INSURANCE COMPANY, ("United"), by and through its counsel the law firm CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, LLC, and hereby submits the following Renewed Motion for Summary Judgment.

This Renewed and Supplemental Motion for Summary Judgment ("Motion") is made pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56 - 1 of the Local Rules of Practice of the United States District Court for the District of Nevada. This Motion is

1

also based on all of the pleadings and papers on file herein, together with the following memorandum of points and authorities, the exhibits and affidavits filed herein, and such arguments of counsel as the Court may allow.

Dated this ___ day of April, 2019.

CHRISTIAN, KRAVITZ, DICHTER,
JOHNSON & SLUGA, LLC

/s/

MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
L. RENEE GREEN, ESQ.
Nevada Bar No. 12775
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
*Counsel for Plaintiff,*
*UNITED SPECIALTY*
*INSURANCE COMPANY*

## **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION..................................................................................................5

II. STATEMENT OF FACTS....................................................................................5

III. LEGAL ANALYSIS ............................................................................................9

    A. Legal Standard ...............................................................................................9

        1.    *Operative State Law* ...........................................................................9

        2.    *Motion for Summary Judgment Standard* ........................................10

    B. United fulfilled its duties to the Policy now that the limits from the Assault and Battery Endorsement have been exhausted................................................11

    C. United is entitled to reimbursement of its costs that exceed the limits from the Assault and Battery Endorsement .................................................................11

IV. CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**Cited Cases**                                                                                     Page(s)

*Fortis Benefits Ins. Co. v. Johnson*
966 F. Supp. 987 (D. Nev. 1997) .................................................................................... 9

*Rivera v. Philip Morris*
(1997) ............................................................................................................................. 9

*Dimidowich v. Bell & Howell*
803 F.2d 1473 (9th Cir. 1986) ....................................................................................... 9

*Santana v. Zilog, Inc.*
95 F.3d 780 (9th Cir. 1996) ......................................................................................... 10

*Capital Indem. Corp. v. Blazer*,
51 F. Supp. 2d 1080, 1084 (D. Nev. 1999) ............................................................ 10, 11

*Caesar Elecs. Inc. v. Andrews*
905 F.2d 287 (9th Cir. 1990) ....................................................................................... 10

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) .................................................................................................... 10

*Matsushita Elec. Indus. Co. v. Zenith Radio*
475 U.S. 574 (1986) .................................................................................................... 10

*Martinez v. City of Los Angeles*
141 F.3d 1373 (9th Cir. 1998) ..................................................................................... 10

*Farmers Ins. Exch. v. Neal*
64 P.3d 472 (Nev. 2003) ....................................................................................... 10, 11

*Century Sur. Co. v. Casino W., Inc.*
329 P.3d 614 (Nev. 2014) ........................................................................................... 10

*D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*
570 F. Supp. 2d 1262 (D. Nev. 2008) ......................................................................... 10

*Probuilders Specialty Ins. Co. v. Double M. Construction*
116 F. Supp. 3d 1173 (D. Nev. 2015) .................................................................... 11, 12

**Federal Rules of Civil Procedure**
Fed. R. Civ. P. 56 ........................................................................................................ 10

**Local Rules of the United States District Court for the Northern District of Nevada**
Local Rule 56 ................................................................................................................ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

United Specialty Insurance ("United") moves this Court to grant its Renewed and Supplemented Motion for Summary Judgment because the applicable limits to the Assault and Battery Endorsement are now exhausted. In the Court's prior Order, the Court agreed that the commercial general liability policy's Assault and Battery Endorsement applied to the two legal actions brought against the Insureds in the Eighth Judicial Court of Clark County, Nevada. However, the Court held that United must exhaust the applicable limits to the Assault and Battery Endorsement before its duty to defend and indemnify ceases.

Due to the exhaustion to the $100,000.00 limits of the Assault and Battery Endorsement, United respectfully requests this Court to declare that United fulfilled its duties in accordance to the Policy. As United continues to provide a defense to the Insureds in the *Potasi* Action until the Court makes a decision regarding this matter, United also requests that the Insureds reimburse United for all costs United expended that exceed the applicable Assault and Battery Endorsement limits pursuant to the Policy.

## II. STATEMENT OF FACTS

In support of its Motion for Summary Judgment, United offers this statement of facts material to the disposition of the motion that are not genuinely at issue and citing the particular portion of any pleading, affidavit, deposition, interrogatory, answer, admission, or other matter upon which it relies. See LR 56-1.

1. United issued policy number ENT 000187-01-15 to Hachiman, LLC dba: Palomino Club & Lacy's, which was effective from March 5, 2015 to March 5, 2016 (hereinafter the "Policy"). ECF No. 39-1, pp. 4-5.

2. The United Policy provided commercial general liability coverage, subject to exclusions, for the premises located at the address 1848 Las Vegas Blvd., North Las Vegas, NV 89030 ("Premises") from which an exotic club named the Palomino Club operates. *Ibid.*

3. Adam Gentile is the managing member of Hachiman, LLC ("Hachiman"). ECF No. 39-2, p. 2.

4. Palomino Club, LLC and Lacy's, LLC ("Lacy's") were explicitly identified as

additional named insureds in the Policy. ECF No. 39-1, p. 29.

5. The Policy also identified members of a limited liability company as an insured, "but only with respect to the conduct of [his] business." *Id* at p. 45.

6. The sole managing member of Palomino Club, LLC is Hachiman and the managing members of Lacy's are Adam Gentile and Craig Parks. ECF No. 39-3, pp. 2-5; ECF No. 39-4, pp.2-5.

7. The Policy specifically afforded $1,000,000 in coverage for each "occurrence," which was defined in the Policy with an aggregate limit of $2,000,000 in coverage, subject to certain sublimit limitations as outlined in the Policy. ECF No. 39-1, p. 32.

8. Initially, <u>the Policy excluded claims related to **assault and battery**</u>. The Assault and Battery Exclusion included in pertinent part that "this coverage does not apply to liability "directly or indirectly, actually or allegedly, arising out of or related to any" assault or battery." *Id.* at 20; *See* ECF No. 44, p. 4.

9. The Policy subsequently included The Endorsement for Limited Coverage Assault or Battery Related Claims ("Assault and Battery Endorsement"), which allowed coverage for claims excluded by the Assault and Battery Exclusion up to $100,000.00 per occurrence with an aggregate limit of $100,000.00. ECF No. 44, p. 4; ECF No. 39-1, pp. 56-57.

10. The limits of the Assault and Battery Endorsement would be **"reduced by the payment of judgment settlements, <u>defense costs</u>, loss adjustment expenses, claim(s) or "suit(s)"."** (emphasis added) ECF No. 39-1, pp. 56-57.

11. **Once the limits of this coverage were exhausted, United "w[ould] not be obligated to pay any judgments, settlements, <u>defense costs</u>, loss adjustment expenses, claim(s) or "suit(s)" or defend or continue to defend any loss, claim or "suit" after the applicable limit of [United's] liability has been exhausted by payment of judgments, settlements, defense costs or loss adjustment expenses."** (emphasis added) *Ibid.*

12. The Policy also included a <u>Punitive Damages</u> exclusion which provided in pertinent part:

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE PART LIQUOR LIABILITY COVERAGE PART**

This insurance does not apply to:

    1. **Punitive or exemplary damages;**
    2. **Fines;**

6

    3. Penalties;
    4. **Treble damages**; or
    5. Multiplied or multiple damages;

imposed upon any "insured" including any defense or legal expenses incurred as a result of items 1., 2., 3., 4. or 5., above.
(emphasis added) (*Id.* at p. 21).

13. Adam Gentile, on behalf of Hachiman, LLC, Palomino, LLC and Lacy's, LLC, was expressly aware of the coverage limits for assault and/or battery related claims in the policy. ECF No. 39-5, pp. 2-6.

14. The Policy included a reimbursement provision, which specifically provided:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

    …

    If we initially defend an insured ("insured") or pay for and insured's ("insured's") defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.

    The right to reimbursement for the defense costs under this provision will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs.

ECF No. 39-1, p. 35.

A. **The Underlying Actions**

15. On May 5, 2016, Derek Fesolai and Alexander Potasi filed a complaint titled *Potasi et al. v. Conway et al.*, Case No. A-16-736249-C, against Palomino Club, LLC and another party at the Eighth Judicial District Court of Clark County, Nevada (hereinafter the "*Potasi* Action"). ECF No. 39-7, pp. 2-17.

16. In the *Potasi* Action, Mr. Fesolai and Alexander Potasi allege that on or around December 20, 2015, an individual entered the Palomino Club and shot both Mr. Fesolai and Mr. Potasi with a firearm. *Ibid.*

17. In that action, Mr. Fesolai and Mr. Potasi sought punitive damages. *Ibid.*

18. On October 28, 2016, Johnaro and Marina Laird filed a complaint titled *Laird et al. v. Palomino Club, LLC et al.*, Case No. A-16-744386-C, against Palomino Club at the Eighth Judicial District Court of Clark County, Nevada (hereinafter the "*Laird* Action"). ECF No. 39-8, p. 2-11.

19. In the *Laird* Action, Mr. and Mrs. Laird allege that on or around August 17, 2015, three unknown assailants assaulted, battered, and/or robbed them at the Palomino Club parking lot. *Ibid.*

20. United agreed to defend both actions under a full reservation of rights. ECF No. 39-9, pp. 2-10; ECF No. 39-10, pp. 2-11.

21. The reservation of rights letters explicitly informed the Insureds that the Assault and Battery Endorsement applied to claims asserted against the Insureds in the *Laird* Action and *Potasi* Action. *Ibid.*

22. In the reservation of rights letter dated May 17, 2016, United informed the Insureds that it would assert its right to "seek reimbursement from [them] for all attorney fees any other costs or payments expended by [United] on [their] behalf allocated to the defense of claims for which there was not coverage under the Policy." ECF no. 39-9, p. 9.

23. The reservation of rights letter dated May 17, 2016 also informed the Insureds that "[b]y accepting such defense, you shall be deemed to agree to reimburse [United] for such costs and for the amount of settlement or other payments made to Plaintiffs with your approval." *Ibid.*

24. On December 5, 2016, while still defending its Insureds in both the *Laird* Action and the *Potasi* Action (collectively "Underlying Actions"), United brought this instant suit in order to ascertain the rights of all parties as it relates to the Policy. ECF No. 6.

25. On April 7, 2017, the Court ordered a settlement conference, from which all parties were required to attend with settlement authority. ECF No. 33.

26. On June 1, 2017, Mr. and Mrs. Laird agreed to settle their claims against the Insureds individually for $12,500.00 for a total of $25,000.00 as a result of the settlement conference. *See* ECF No. 46.

27. As a result of United paying the settlement amount, Mr. and Mrs. Laird dismissed their claims against the Insureds with prejudice on April 20, 2018 in the *Laird* Action. *See* ECF No. 46.

28. Pursuant to the Policy, United used the funds available from the Assault and Battery Endorsement to settle the claims against the Insureds as it related to the *Laird* Action. *See Id., See* ECF No. 39-12, p. 3.

29. United expended a total of $35,325.54 in the defense and indemnification of the Insureds in the *Laird* Action. ECF No. 52.

30. Mr. Potasi and Mr. Fesolai did not settle their claims with the Insureds from the *Potasi* Action at the time of the settlement conference. *See* ECF No. 38.

31. On June 21, 2017, United filed a Motion for Summary Judgment seeking a declaration that (1) the Assault and Battery Endorsement applied to the *Laird* Action and the *Potasi* Action, (2) the punitive damages exclusion applied to the *Laird* Action and the *Potasi* Action, and (3) United may disburse the remaining limits of the Assault and Battery Endorsement to the Insureds in order to fulfill its duties under the Policy. ECF No. 38.

32. The Court found that (1) a declaration regarding United's duty to defend and indemnify is ripe for review and a stay is unwarranted, (2) the Assault and Battery Exclusion and the Assault and Battery Endorsement apply to the claims asserted in the *Potasi* Action against the Insureds, (3) United's duty to defend and indemnify is not discharged until the limits from the Assault and Battery Endorsement are exhausted, and (4) the punitive damages exclusion applies to United's duty to defend and indemnify. ECF No. 44.

33. The Court found that the Insureds did not dispute the applicability of the Assault and Battery Endorsement to the *Laird* Action. *Id.* at p. 4.

34. United continues to provide a defense for the Insureds in the *Potasi* Action pursuant to the Assault and Battery Endorsement. *See* ECF No. 52.

35. As of April 17, 2019, United expended a total of $100,118.87 in the defense and indemnification of the Insureds in the *Laird* Action and the defense of the Insureds in the *Potasi* Action. ECF No. 52.

## III. LEGAL ANALYSIS

### A. Legal Standard

#### 1. Operative State Law

A federal district court sitting in diversity must apply the substantive law of the forum state in which it lies. *See Fortis Benefits Ins. Co. v. Johnson*, 966 F. Supp. 987, 989 (D. Nev. 1997). Courts will not alter established law when the law is clear. *See Rivera v. Philip Morris*, 209 P.3d 271, 277 (Nev. 2009). In the absence of controlling precedent from the state court, the

federal court sitting in diversity must use its own best judgment to predict how the state's highest court could decide the relevant substantive issue. *See Dimidowich v. Bell & Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986). In so doing, a federal court may look to state court decisions from sister jurisdictions, treatises and other helpful resources. *See Santana v. Zilog, Inc.*, 95 F.3d 780, 783 (9th Cir. 1996).

In this matter, it is undisputed that this Court sits in diversity. As a result thereof, Nevada law applies and the Court construes the policies at issue in this case as a Nevada state court would if presented with the same question. *Capitol Indem. Corp. v. Blazer*, 51 F. Supp. 2d 1080, 1084 (D. Nev. 1999).

 2.   *Motion for Summary Judgment Standard*

The procedural aspects of a diversity case are governed by federal law. *See Caesar Elecs. Inc. v. Andrews*, 905 F.2d 287, 289 n.3 (9th Cir. 1990). A summary judgment motion is a procedure which terminates, without a trial, actions in which "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The movant is entitled to summary judgment if the non-moving party, who bears the burden of persuasion, fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)).

In order to preclude a grant of summary judgment, the non-moving party must do more than show that there is some "metaphysical doubt" as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Rather, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial." *Id.* at 587 (quoting FED. R. CIV. P. 56(e)). All underlying facts will be viewed in the light most favorable to the non-movant party. *See Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998).

In Nevada, "an insurance policy is a contract that must be enforced according to its terms to accomplish the intent of the parties." *Farmers Ins. Exch. v. Neal*, 64 P.3d 472, 473 (Nev. 2003). The Court is to consider the insurance policy as a whole "to give reasonable and harmonious meaning to the entire policy." *Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014). A court should "enforce a contract as it was written and should not create a

new contract by rewriting unambiguous terms, and has no power to create a new contract." *D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, 570 F. Supp. 2d 1262, 1268 (D. Nev. 2008). Moreover, the Court will not increase an obligation to any party to the contract where such was intentionally and unambiguously limited by the parties. *See Farmers Ins. Grp. v. Stonik*, 867 P.2d 389, 391 (Nev. 1994).

**B.  United fulfilled its duties to the Policy now that the limits from the Assault and Battery Endorsement have been exhausted.**

This Court found that "the assault and battery exclusion and endorsement apply to the claims asserted in the *Potasi* Action against Palomino." ECF No. 44, p. 6. In doing so, this Court found that United may discharge its duty to defend once the $100,000 policy limit from the Assault and Battery Endorsement was reached. *Id*. Due to the fact that the applicable limits from the Assault and Battery Endorsement had yet to be exhausted at the time United filed its original Motion for Summary Judgment on February 15, 2018, the Court determined United still had the duty to defend and/or indemnify the Insureds until the applicable limits were reached. *Id.*

The applicable limits from the Assault and Battery Endorsement are now exhausted. ECF No. 51. Pursuant to the Court's order and the Policy, United has fulfilled its duties to its Insureds due to the depletion of the limits from the Assault and Battery Endorsement. *Neal*, 64 P.3d at 473; ECF No. 44, p. 6. As a result thereof, United is entitled to a declaration that United has fulfilled its duties, particularly its duty to defend and indemnify the Insureds, pursuant to the Policy. *Ibid.*

**C.  United is entitled to reimbursement of its costs that exceed the limits from the Assault and Battery Endorsement.**

As provided above, an insurance policy is a contract that must be enforced according to its terms to accomplish the intent of the parties." *Neal*, 64 P.3d at 473. "An insurer has a right to reimbursement if the parties agreed that the insured would reimburse the insurer for monies expended in providing a defense." *Probuilders Specialty Ins. Co. v. Double M. Constr.*, 116 F. Supp. 3d 1173, 1182 (D. Nev. 2015)(*citing Capitol Indem. Corp. v. Blazer*, 51 F. Supp. 2d 1080,

11

1090 (D. Nev. 1999)). Courts have even held that "acceptance of monies constitutes an implied agreement to the reservation" of the insurer's right to seek reimbursement for claims outside of the policy's coverage. *Id.*

<u>In this matter, the Insureds were put on notice multiple times that United would seek reimbursement of the defense costs that it provided if those costs were not covered under the Policy.</u> ECF No. 39-3, p. 10. First, the Policy explicitly included a reimbursement provision, which explicitly provided that "[i]f we initially defend an insured ("insured") or pay for and insured's ("insured's") defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred." ECF No. 39-1, p. 35. In addition, United sent letters to the Insureds dated May 17, 2016 and October 31, 2016 informing them that it would provide a defense to the Insureds in the *Potasi* Action and the *Laird* Action, respectfully, under a reservation of rights due to the applicability of the Assault and Battery Endorsement. ECF No. 39-9, pp. 2-10; ECF No. 39-10, pp. 2-11. The same letters indicated that United would seek reimbursement for defense and indemnification costs that United have incurred that are not covered under the Policy due, in part, to the exhaustion of the Assault and Battery Endorsement. *Ibid.*

United subsequently provided additional notice to the Insureds that it would seek reimbursement of defense costs and other expenses that are not covered under the United Policy when it filed its Complaint in this matter. *See* ECF No. 16, ¶¶29, 42, 50, 86. <u>This right to reimbursement includes defense costs expended after the Assault and Battery Endorsement limits were exhausted.</u> *Ibid*; ECF No. 39-3, p. 10. Due to being notified multiple times that United would seek reimbursement of its defense costs that fall outside of the Policy, coupled with the fact that the Insureds continued to accept United's payment of defense costs after being notified of United's intent to seek reimbursement, United should be reimbursed for all defense costs that exceed the Assault and Battery Endorsement limits. *Neal,* 64 P.3d at 473; *Probuilders Specialty Ins.,* 116 F. Supp. at 1182. As United continues to provide a defense to the Insureds in the *Potasi* Action under a full reservation of rights, United requests permission to provide the Court with an updated balance of the expenses United incurred thus far in the defense of the *Potasi* Action once

12

the Court issues its decision regarding this matter.[1]

## III. CONCLUSION

Pursuant to the Policy and this Court's order, United has fulfilled its obligations pursuant to the Policy `now that the $100,000.00 sublimit of the Assault and Battery Endorsement is exhausted. As a result thereof, United seeks a declaration from this Court that it has fulfilled its duties pursuant to the Policy and thus can withdraw its defense of the Insureds in the *Potasi* Action. United also seeks reimbursement for its defense costs that it has expended that exceed the $100,000.00 aggregate limit from the Assault and Battery Endorsement due to United providing a defense to its Insureds under a full reservation of rights until this Court makes a decision regarding this matter.

Dated this 23rd day of April, 2019.

CHRISTIAN, KRAVITZ, DICHTER,
JOHNSON & SLUGA, LLC

/s/ Martin J. Kravitz

MARTIN J. KRAVITZ, ESQ.
Nevada Bar No. 83
L. RENEE GREEN, ESQ.
Nevada Bar No. 12775
8985 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
*Counsel for Plaintiff,*
*UNITED SPECIALTY*
*INSURANCE COMPANY*

---

[1] United requests to provide the Court with an updated accounting expended in the defense of the Insureds in the *Potasi* Action either by having the Court conduct a prove-up hearing or allowing United to submit an updated accounting for total expenditures that is authenticated either by an affidavit or declaration at the time of the Court's ruling.