# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff <br><br> v. <br><br> HACHIMAN, LLC, *et al.*, <br><br> Defendants | Case No.: 2:16-cv-02784-APG-EJY <br><br> **Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendants' Motion to Strike** <br><br> [ECF Nos. 51, 63] |

Plaintiff United Specialty Insurance Company (United) seeks a declaration that it has fulfilled its duties under a liability insurance policy issued to defendant Hachiman, LLC. I previously found that United's duty to defend in the underlying litigation against the defendants was limited by the policy's "Limited Coverage Assault or Battery Related Claims" endorsement because the underlying suit arises from an alleged assault and battery. ECF No. 44 at 6. But I denied summary judgment in part because the $100,000 limit under the endorsement had not been reached. *Id.* at 6-7.

Now that the $100,000 limit has been exhausted, United again moves for summary judgment. ECF No. 51. The defendants respond that I should reconsider my prior order in light of the deposition testimony of one of the plaintiffs in the underlying suit. ECF No. 56. They argue that the shooting in the underlying case may have been accidental and not part of an assault and battery. United replies that reconsideration is inappropriate because the defendants failed to diligently conduct discovery in the underlying case and that, in any event, the deposition testimony does not undermine my prior order. ECF No. 62. The defendants move to strike portions of the reply. ECF No. 63. Because the reply addresses the evidence that the defendants raise in their opposition, I deny the motion to strike. And I grant United's motion for summary

judgment because the newly-discovered evidence supports my prior conclusion that the underlying litigation arises from an assault and battery.

**I.  BACKGROUND**

United issued a liability insurance policy to Hachiman, LLC in 2016. ECF No. 39-1 at 4-5.  The policy identified defendants Palomino Club, LLC and Lacy's, LLC as additional named insureds. *Id.* at 29.  Defendants Adam Gentile and Greg Parks are managing members of Lacy's. ECF No. 39-4 at 2.  The policy excluded claims "directly or indirectly, actually or allegedly, arising out of or related to any" assault or battery. ECF No. 39-1 at 20.  The policy was later endorsed to provide coverage for claims arising out of assault or battery, but only up to a $100,000 limit. *Id.* at 56-57.

Lacy's is a gentleman's club in Las Vegas.  The plaintiffs in the underlying suit, Alexander Potasi and Derek Fesolai, claim that while they were at Lacy's, another patron shot them. ECF No. 39-7 at 10.  They filed suit in state court, asserting claims of assault and battery, intentional infliction of emotional distress, and negligent infliction of emotion distress against the patron, and two negligence claims against the defendants in this case for allowing the other patron to bring a firearm into the club. *Id.* at 13-16.  United agreed to defend the case but reserved its rights and filed this suit.[1] ECF Nos. 1, 39-10.

After my order granting in part United's motion for summary judgment, Potasi was deposed in the underlying lawsuit. ECF No. 60-1.  He testified that the gunman got into an "aggressive" verbal altercation with a third party before withdrawing and cocking his weapon. *Id.* at 41, 46.  Potasi stated that the gunman hid the weapon behind his back, where both Potasi

---

[1] United's suit also addresses coverage for defense of another case pending in state court, *Laird et al. v. Palomino Club, LLC et al.*, No. A-16-744386-C, which was settled for $25,000. ECF No. 53-1 at 2.

2

and Fesolai could see it. *Id.* at 48. Fesolai then "went for the gun," and the gunman shot him twice. *Id.* at 49-50. Potasi then intervened and was himself shot five times. *Id.* at 50-54. Potasi believes that even if Fesolai had not intervened, "somebody was going to get shot that night." *Id.* at 112.

I denied United's prior motion for summary judgment in part because the $100,000 limit had not yet been exhausted. ECF No. 44 at 6-7. As of April 22, 2019, United has spent in excess of $100,000 defending the claims at issue. ECF Nos. 53-1, 53-2. United moves for summary judgment and a declaration that it has fulfilled its obligations under the policy. ECF No. 51.

## II. DISCUSSION

### A. Summary Judgment and Reconsideration Standards

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the

3

light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Because the defendants ask me to reconsider my prior order, I must also apply the standard for reconsideration of an interlocutory order. A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.* "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).

**B. Potasi Deposition**

The defendants argue I should reconsider my prior ruling that the battery and assault sublimit applies because Potasi's deposition suggests that no battery or assault may have occurred. ECF No. 56 at 6-7. United responds that the policy requires only a slight connection to the assault and that the deposition suggests an assault or battery occurred. ECF No. 62. The defendants argue in their sur-reply that "it cannot be ruled out" that the initial shot was an accidental discharge. ECF No. 64 at 5.

Under Nevada law, assault includes (1) "[u]nlawfully attempting to use physical force against another person" or (2) "[i]ntentionally placing another person in reasonable apprehension of immediate bodily harm." Nev. Rev. Stat. § 200.471. Battery includes "any willful and unlawful use of force or violence upon the person of another." *Id.* § 200.481.

The defendants' interpretation of Potasi's deposition testimony does not merit reconsideration. The policy requires that the claim "directly or indirectly, actually or allegedly, aris[e] out of or relate[] to any" assault or battery. ECF No. 39-1 at 20. The deposition testimony shows that the underlying litigation is related to an assault or battery. Even if Potasi's testimony does not rule out that the first gunshot was accidental, there is no evidence that the second shot at Fesolai or the subsequent shots at Potasi were. So both Fesolai and Potasi's claims in the underlying litigation relate to an assault and battery, and the deposition does not change my initial conclusion that the assault and battery endorsement applies. Because the deposition does not support reconsideration, I do not address United's other argument that reconsideration is inappropriate because the defendants failed to diligently conduct discovery in the underlying litigation.

United has put forward evidence that the $100,000 sublimit applicable to the claims against the defendants has now been exhausted. *See* ECF Nos. 53-1, 53-2. The defendants do not respond with evidence of a genuine issue of material fact. So for the reasons discussed above and in my prior order (ECF No. 44), I grant summary judgment in favor of United.

**C. Motion to Strike**

The defendants move to strike portions of United's reply. Having reviewed United's reply and attached exhibits, I find that the challenged portions properly respond to evidence raised by the defendants in opposition to United's motion for summary judgment. *See, e.g.*, *In re*

*ConAgra Foods, Inc.,* 302 F.R.D. 537, 559 n.87 (C.D. Cal. 2014) ("Evidence submitted in direct response to evidence raised in the opposition . . . is not 'new.'"). Also, I previously granted the defendants' motion for leave to file a sur-reply, offering them a chance to respond to United's arguments in reply. ECF No. 71. I thus deny the defendants' motion to strike.

### III. CONCLUSION

I THEREFORE ORDER that the defendants' motion to strike **[ECF No. 63] is DENIED.**

I FURTHER ORDER that plaintiff United Specialty Insurance Company's motion for summary judgment **[ECF No. 51] is GRANTED**. I declare that United has fulfilled its duty to defend the insureds in the suits *Potasi et al. v. Conway et al.*, No. A-16-736249-C and *Laird et al. v. Palomino Club, LLC et al.*, No. A-16-744386-C, currently pending in the Eighth Judicial District Court of Clark County, Nevada. The clerk of court is instructed to enter judgment in favor of plaintiff United Specialty Insurance Company and against the defendants and **CLOSE THIS CASE.**

DATED this 9th day of January, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE